246    APPELLATE COURTS OF ILLINOIS.

Alexander Lumber Co. v. Champaign Baseball Club, 201 Ill. App. 246.

## Alexander Lumber Company, Appellant, v. Champaign Baseball Club et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Champaign county; the Hon. GEORGE B. SENTEL, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916. Petition for *certiorari* dismissed.

### Statement of the Case.

Petition by the Alexander Lumber Company, petitioner, against the Champaign Baseball Club, a corporation, W. H. Miller and Minnie Vogel, defendants, to have a mechanic's lien declared. From a judgment for defendants, the petitioner appeals.

Materials were furnished by the petitioner to the defendant Baseball Club to be used in the construction of a grand stand, bleachers, fences, etc., on real estate leased from the other defendants. After the construction was completed, the petitioner purchased the structure from the Baseball Club and leased it back to it, both parties treating the property as personal property. The Baseball Club claimed that the sale was made in complete discharge of its indebtedness for the materials furnished.

DOBBINS & DOBBINS, for appellant.

A. E. CAMPBELL, C. R. IUNGERICH and LYNN S. CORBLY, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. MECHANICS' LIENS, § 196*—*when material man entitled to lien.* To entitle one furnishing building materials to have a lien declared

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

on the premises, it must appear both by averment and proof that the materials were for the construction of some things that were to become part of or be an improvement on the real estate, as distinguished from such things as, when completed, still retain their character as personal property, and that the petitioner had an existing right to compensation therefor.

2. MECHANICS' LIENS, § 61*—*when material man not entitled to lien.* Where a lumber company furnished material to the lessee of real estate, which was used in the construction of a baseball grand stand, bleachers, etc., and later purchased the structure from the lessee and leased it back to it, in both transactions treating the property as personal property and reserving the right to enter at the expiration of the lease and remove it, the owner of the real estate knowing nothing about the transaction, *held* that the lumber company could not have a lien declared on the real estate for the value of the materials so furnished.

3. DEEDS, § 80*—*when conveyance not construed as conditional.* A conveyance absolute on its face will not be construed to be a conditional one except on competent proof which clearly shows that the intention of the parties was that it should be conditional.